**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHERYL WHITE,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.: DKC 06-2021 |
| **COSTCO WHOLESALE CORP.,** | * | |
| **Defendant.** | * | |
| | ****** | |

**MEMORANDUM OPINION**

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Plaintiff's Motion to Enlarge Discovery Period and to Order Defendant's Expert to Reduce Deposition Fee ("Plaintiff's Motion") (Docket Item No. 32). The Court has reviewed Plaintiff's Motion and the related memoranda. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court hereby GRANTS Plaintiff's Motion.

**I. BACKGROUND**

**A. Discovery**

This premises liability action was removed to this Court in July of 2006. Plaintiff alleges that she tripped and fell in the parking lot of a Costco warehouse in October of 2003. The Court issued a Scheduling Order in August of 2006, setting a discovery deadline of December 21, 2006. On September 1, 2006, Plaintiff served Defendant with her first set of interrogatories and requests for production of documents. Plaintiff is concerned in particular with one interrogatory and one request for production of documents. Specifically, interrogatory number 17

("Interrogatory 17") requests the identities of "any and all entities and/or persons which/who maintained and/or provided surface repair services for the subject parking lot from October 3, 2002 through October 3, 2004," and document request number two ("Request 2") seeks "any and all documents referring and/or relating to the maintenance and/or repair of the surface parking lot at the [Costco] for the period commencing on October 3, 2002 and concluding on October 3, 2004."

On September 27, 2006, Defendant responded to the first set of interrogatories and requests for production of documents. To both Interrogatory 17 and Request 2, Defendant's responses included the following statement: "[w]ithout waiving the previously stated objection, [Defendant] states that it is researching the issue and will supplement its response." Defendant first supplemented these responses on October 25, 2006. Defendant's first supplemental response to Request 2 stated, "see attached." Some of the attached documents included the names of various entities and individuals. (Def. Ex. 3)  At some point, Defendant submitted a first supplemental response to Interrogatory 17, simply stating "see attached." (Def. Ex. 2, p. 2) Defendant did not, at this time, specifically identify those individuals who "maintained and/or provided surface repair services for the subject parking lot from October 3, 2002 through October 3, 2004."

Shortly thereafter, on October 30, 2006, Plaintiff propounded subpoenas relating to the ongoing construction using the information obtained through Defendant's first supplemental response to Plaintiff's request for documents. She received returns from those subpoenas

between December 8 and 12, 2006,[1] exceeding 500 pages.  The subpoena returns included photographs and other descriptions of construction being performed.  Plaintiff asserts that because the photographs were received so late, "it would have been impossible for Plaintiff to note and take depositions of personnel from the various contractors and architectural firm on or before the December 21, 2006 discovery deadline."  Plaintiff did not seek an extension of the discovery deadline at that time.

Defendant provided a second supplemental response to Interrogatory 17 on December 20, 2006, mere hours before discovery closed.  (Def. Ex. 2)  This supplemental response included the names of four individuals.  Plaintiff argues that it would be unfairly prejudicial to prohibit her from deposing "those people who are familiar with the documents which Plaintiff was required to locate through the use of subpoenas which were issued within five (days) of [Defendant] providing . . . Plaintiff with the identities . . ." of those entities and persons Plaintiff believes capable of providing additional information pertinent to the litigation.

Defendant first takes issue with the fact that Plaintiff filed Plaintiff's Motion nearly three weeks after completion of discovery.  Defendant also contends that, in spite of Plaintiff's assertion that Defendant's second supplemental response to Interrogatory 17 identified new fact witnesses, Plaintiff was already in possession of this information.  Defendant states that it produced the names and contact information of several entities on October 25, 2006.  Defendant contends that it provided Plaintiff with the names of Miller Construction Services, Inc., O'Barr Construction, and Brothers Concrete, the employers of the individuals she now seeks to depose.

---

[1] Plaintiff indicates that she received responses to subpoenas between December 8 and 18, 2006.  Defendant asserts that it received service copies of the subpoenaed records.  Plaintiff provided these copies to Defendant on December 12, 2006.  (Def. Ex. 8)

Once Plaintiff provided Defendant with copies of the subpoenaed documents, Defendant identified and interviewed individuals employed by entities associated with the documents. Defendant identified these individuals on December 20, 2006.  (Def. Ex. 2)  Defendant suggests that, because Defendant was able to locate these individuals, Plaintiff could have equally done so.

### B.  The expert witness

Plaintiff states that Defendant has identified Steven Neufeld, M.D., as a defense expert in this case and that Dr. Neufeld performed an Independent Medical Examination on Plaintiff and shortly thereafter served Plaintiff with his fee schedule.  Dr. Neufeld's fee schedule indicates that he charges $400 per hour for narrative report preparation but that he charges $1,500 for the first hour of deposition and $500 per hour thereafter.  Plaintiff calls the Court's attention to Local Rule 104.11, which states that an expert "may not charge an opposing party for a discovery deposition a fee at an hourly rate higher than the rate that he or she charges for the preparation of his or her report."  (D. Md.).  Plaintiff therefore asks the Court to order Dr. Neufeld to accept $400 per hour for deposition time or, in the alternative, strike Dr. Neufeld as an expert in this case.  Defendant has not responded to Plaintiff's assertions.

## II. DISCUSSION

### A.  Plaintiff has established good cause for enlarging the discovery period.

The Court will grant an extension to the discovery deadline upon a showing of good cause. Fed. R. Civ. P. 16(b).  The Court finds that, in the present case, Plaintiff has established good cause for such an extension.  Defendant's second supplemental response to Plaintiff's first set of interrogatories provided the names of specific individuals in response to Interrogatory 17,

which names only became available to Plaintiff the day before discovery closed. Although Plaintiff's Motion was filed after the close of discovery, the Court finds that under the present circumstances, the delayed filing was reasonable and the denial of Plaintiff's Motion on this ground alone is not warranted.

        1.   The October 25, 2006 discovery supplements

Plaintiff takes issue with the form of Defendant's first supplemental response to Plaintiff's request for documents, and the fact that Defendant "did not identify any specific people with knowledge of the construction," and simply directed Plaintiff to "see attached documents." The Court agrees with Plaintiff that Defendant's supplement left something to be desired. The response merely stated "see attached," and provided no direction, organization of the attached documents, or indication of how the attached documents related to Request 2 or Interrogatory 17.[2]

Plaintiff mainly takes issue with the fact, however, that Defendant's first supplement to Interrogatory 17 did not identify any specific persons who "maintained and/or provided surface repair services for the subject parking lot from October 3, 2002 through October 3, 2004." Nonetheless, the Court has no reason to believe that Defendant had knowledge at that time of any specific persons, as requested by Interrogatory 17.

---

[2]Significantly, neither party provides an exhibit with the first supplemental response to Interrogatory 17. Defendant's second supplemental response to Plaintiff's first set of interrogatories shows Defendant's first supplemental answer to Interrogator 17 to be "see attached." (Def. Ex. 2, p. 2) Defendant does provide a copy of its first supplemental response to Plaintiff's first request for production of documents, which was provided on October 25, 2006. (Def. Ex. 3) The Court presumes that the first supplemental response to Plaintiff's first set of interrogatories was also filed on October 25, 2006. While this does not affect the outcome of the Court's decision, both parties are encouraged to be more thorough in their future filings.

2.  <u>The discovery period between December 8, 2006 and December 21, 2006</u>

Plaintiff's two assertions in support of good cause relate to this time period. First, Plaintiff argues that because subpoena returns were not received until December 8, 2006 and thereafter, it was impossible for Plaintiff to take depositions from personnel of various contractors before the December 21, 2006 discovery deadline. Likewise, Plaintiff suggests that she was prejudiced by Defendant's failure to identify specific personnel responsive to Interrogatory 17 prior to December 20, 2006.

*a. Deposition of individuals identified in subpoena responses*

Using the information Plaintiff obtained from the October 25, 2006 supplements, Plaintiff issued subpoenas on October 30, 2006. This was a reasonably prompt response. Plaintiff obtained subpoena returns between December 8 and December 12, 2006. Documents received in response to the subpoenas provided information that apparently prompted Plaintiff's need to depose new individuals.[3] Plaintiff argues that it "would have been impossible for Plaintiff to note and take depositions of the newly identified individuals on or before the December 21, 2006, discovery deadline."

The Court finds that Plaintiff has established good cause on this issue. Receipt of the subpoenaed documents between December 8 and December 12, 2006, would have required Plaintiff to identify and depose individuals within nine to thirteen days. The Court recognizes

---

[3]Plaintiff indicates that it was photographs obtained in the December 8, 2006 subpoena returns that prompted Plaintiff to seek additional depositions of individuals. Plaintiff does not explain the connection between the photographs and the individuals she now seeks to depose, and the Court's review of the subpoenaed materials provided by Defendant suggest that other documentation, received after December 8, was more likely to provide the type of information prompting Plaintiff to depose additional individuals.

that Defendant was apparently able to identify several individuals employed by the subpoenaed entities using the same subpoenaed documents that Plaintiff provided to Defendant between December 8 and 12, 2006.  Defendant was also able to interview these individuals before the close of discovery.  Nonetheless, the Court does not believe this is suggestive of a capacity for Plaintiff to depose the specified witnesses within the same time frame.  These witnesses, for good reason, may be less likely to cooperate with Plaintiff for deposition purposes as quickly as they cooperated with Defendant for interview purposes.

The Court takes issue, however, with the incompleteness of Plaintiff's Motion.  Plaintiff does not specify the names of the individuals she believes should be deposed.  Simply granting Plaintiff's Motion without any documentation regarding the newly identified witnesses would provide an opportunity for Plaintiff to circumvent the discovery deadline.  Therefore, the Court GRANTS Plaintiff's Motion, but only with respect to witnesses whose identities were first revealed in the subpoenaed documents.

### b. *Defendant's second supplemental responses*

Regarding the December 20, 2006, second supplemental response provided by Defendant, Plaintiff stated that Defendant did not identify personnel from significant entities until that date at 6:10 p.m.  On the facts presented to the Court, it finds that Defendant acted reasonably by supplementing its answers as is required by the applicable discovery rules.  Fed. R. Civ. P. 26(e).  The issue is whether this late supplementation served to prejudice Plaintiff, establishing good cause for extension of the discovery deadline for purposes of deposing the newly named witnesses.

Defendant asserts that, in two different capacities, Plaintiff was already in possession of the information Defendant provided to Plaintiff in its December 20, 2006 response. First, Defendant asserts that it obtained the identification information from the very documents that Plaintiff provided to Defendant. For the same reason that Plaintiff could not reasonably be expected to conduct depositions pursuant to the subpoenaed documents within this time frame, Plaintiff also would not be expected to carry out such interviews that could have led to the identification of specific persons, responsive to Interrogatory 17.

Second, Defendant argues that the names of the entities employing the individuals listed in Defendant's second supplemental response were provided in Defendant's first supplemental response of October 25, 2006. Specifically, Defendant argues that it provided Plaintiff with the names of Miller Construction Services, Inc., O'Barr Construction, and Brothers concrete in that supplement. Defendant states that these are the employers of the individuals Plaintiff now seeks to depose. However, Defendant having provided documents containing the names of these entities does not equate with having provided specific names of individuals, as requested by Interrogatory 17.

The Court notes that Defendant's December 20, 2006 second supplemental response to Plaintiff's first set of interrogatories includes the names of Anthony Miller, Michael Nordstrom, Mike Karinshak, and Peter Afansenko in response to Interrogatory 17. (Def. Ex. 2) A review of Defendant's exhibits indicates that two of these names were included in the documents provided on October 25, 2006. However, Defendant's answer to Interrogatory 17 merely stated, "see attached." This generic answer failed to specifically identify any of the attached names as "persons which/who maintained and/or provided surface repair services for the subject parking

lot from October 3, 2002 through October 3, 2004." As previously stated, the Court does not find foul play in Defendant's failure to provide specific names in its first supplemental response to Interrogatory 17, mostly because it cannot be sure that Defendant was in possession of such specific information at that time, or aware of the role played by each individual listed in the attached documents. Similarly, the Court will also not penalize Plaintiff for also being unable to specifically identify the individuals that Defendant itself was unable to identify. Most importantly, it is clear that before December 20, 2006, no response from Defendant to Plaintiff specifically identified the four individuals included in Defendant's second supplemental response to Interrogatory 17.

Finally, Defendant argues that if Plaintiff believed Defendant's discovery responses were incomplete or invasive, she could have moved to compel Defendant. However, the issue here is not Defendant's failure to comply with the rules of discovery. The Court finds that it would not have been appropriate for Plaintiff to have moved to compel Defendant to provide discovery, as Defendant appears to have provided discovery to Plaintiff as soon as it was in possession of it. The heart of Plaintiff's argument does not relate to foul play on behalf of Defendant. To the contrary, here, the unfolding of information throughout the process of discovery has led to an unfair result for Plaintiff. The only fair remedy is to permit Plaintiff to conduct the additional depositions, albeit quickly, so that the rest of the case may continue with both parties on equal footing.

For the foregoing reasons, Plaintiff's Motion is GRANTED with respect to the extension of the discovery deadline solely for the purpose of deposing Anthony Miller, Michael Nordstrom, Mike Karinshak, Peter Afansenko, and other persons identified in the subpoenaed

documents.  Plaintiff shall have thirty days from the date of this Opinion to depose these witnesses.

### B. Defendant's expert's fee is excessive.

Plaintiff correctly asserts that an expert may not charge a discovery deposition fee at an hourly rate higher than that which the expert charges for preparation of his or her report.  Local Rule 104.11 (D. Md.).  Defendant has provided no opposition to Plaintiff's Motion on this issue.  The Court hereby GRANTS Plaintiff's Motion as it pertains to the reduced deposition fee.  Defendant's expert is hereby ORDERED to accept $400 per hour as compensation for his deposition.  The Court will not make a ruling on Plaintiff's alternative request that the Court strike Dr. Neufeld should he refuse to accept $400 per hour.  In the event that Dr. Neufeld refuses, the issue of whether to strike Dr. Neufeld as an expert shall be considered by the trial judge at the appropriate time.

### IV.  CONCLUSION.

For the forgoing reasons, Plaintiff's Motion is GRANTED.

/s/
Charles B. Day
United States Magistrate Judge
March 16, 2007